CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellant, vs. LANGLADE COUNTY and another, Respondents.

*September 30 — October 20, 1899.*

*Injunction: Restraining tax sale* pendente lite: *Discretion.*

If, in an action to restrain the sale of lands for taxes alleged to be void, all the equities of the complaint are denied under oath, a refusal to restrain the sale *pendente lite* is not an abuse of discretion, where there will be ample time to bring the controversy to a final conclusion before plaintiff's title can be disturbed or injuriously clouded by a tax deed, and the filing of a *lis pendens* will fully protect his rights.

APPEAL from an order of the circuit court for Langlade county: JOHN GOODLAND, Circuit Judge.   *Affirmed.*

Action to restrain the sale of lands for taxes alleged to be void for various reasons, some of which go to the groundwork of the tax.   Upon a duly verified complaint a temporary injunction was obtained preventing a sale of the lands

for the taxes complained of, pending a settlement of the controversy between the parties. Defendants answered under oath, putting in issue all the material allegations of the complaint, and denying generally or specifically all of the equities therein stated or claimed. On such answer and supporting affidavits, and on motion of defendants' attorney, the temporary injunction was dissolved. Plaintiff appeals.

For the appellant there was a brief by *Geo. W. Latta*, attorney, and *Fish, Cary, Upham & Black*, of counsel, and oral argument by *Mr. Latta*.

*T. W. Hogan*, for the respondents.

MARSHALL, J.   The merits of this case are not involved on this appeal, and will not, therefore, be discussed or determined in any way. The learned counsel for the appellant discourses in his brief very earnestly and forcibly against the wrongs which he insists are being inflicted upon nonresident landowners in that section of the state where the lands described in the complaint are located. If his contentions are in accordance with the truth, the situation is to be deeply deplored and promptly remedied when the facts are established and the time shall have arrived for the law to be judicially declared. But we have here the simple question to deal with of whether the lower court abused its judicial discretion in refusing to restrain the sale of plaintiff's lands pending the determination of the controversy in respect to the validity of the taxes.

Injunctions *in limine* are granted for the purpose of preserving the *status quo* when that seems reasonably necessary in order that the final judgment may be effective to remedy the wrongs complained of. It is only where it is clear that temporary relief for the purpose indicated is essential, if all the equities of the complaint are denied under oath, that judicial discretion is liable to be abused by not granting it

on such terms as will adequately protect the defendant from serious injury or inconvenience if the court shall finally decide that the plaintiff is not entitled to the relief demanded in the complaint. *Valley I. W. Mfg. Co. v. Goodrick*, 103 Wis. 436.

The foregoing statement of the rule governing the situation presented to the trial court sufficiently shows that the order appealed from must be affirmed. As said by respondents' counsel, there will be ample time to bring the controversy between the parties to this cause to a final conclusion before plaintiff's title can be disturbed or injuriously clouded by a tax deed. The mere filing of a *lis pendens* will unquestionably bind all persons, claiming under any tax sale that may be made, by the judgment that may be entered in the action, and perfectly protect plaintiff from serious injury.

*By the Court.*— The order appealed from is affirmed.