GLASSBRENNER, Appellant, vs. GROULIK, Respondent.

*April 13 — April 30, 1901.*

*Injunction: Irreparable injury: Remedy at law: Appeal: Order: Certificate of clerk.*

1. Upon a complaint alleging that plaintiff, a dairyman, was the owner of certain ice, which he had allowed defendant to cut and store on premises occupied by defendant under an agreement that both parties were to use the ice, but that defendant denied him access to the premises and prevented him from using the ice, and that thereby his business would be destroyed and he would suffer irreparable injury, a preliminary injunction was granted, which was dissolved on motion founded on defendant's answer and affidavits denying such agreement. *Held,* that there was no abuse of discretion in vacating such injunction, the allegation of irreparable injury having little weight, since it is a matter of common knowledge that ice is a commodity which may at all times be purchased in the market, and it was nowhere alleged that the defendant was insolvent or that a judgment for damages against him could not be collected. *Valley I. W. Mfg. Co. v. Goodrick,* 103 Wis. 436, distinguished.

2. Although sec. 3050, Stats. 1898, requires that on an appeal from an order, the clerk shall transmit the order appealed from and "the original papers used by each party on the application therefor," an appeal will not be dismissed where the order appealed from names the papers upon which it is based, and those papers are all returned by the clerk, notwithstanding the certificate of the clerk is defective in failing to certify that the papers attached are the papers which are required by such statute to be returned.

APPEAL from an order of the municipal court of Racine county: D. H. FLETT, Judge. *Affirmed.*

This is an appeal from an order dissolving an injunctional order. The complaint upon which the preliminary injunctional order was granted alleged, in substance, that on the 1st of January, 1900, the plaintiff was in possession of forty-two acres of land in Racine county as tenant, and that his term did not expire until April 1, 1900, and that he was the

Glassbrenner vs. Groulik.

owner of the ice upon a certain pond upon said land; that on January 2, 1900, he made an agreement with the defendant, who was then the owner of a contract for the conveyance to him of said land, by which the defendant was to cut the ice on said pond, and store it in the ice house on the premises, using the plaintiff's ice tools and shavings therefor, and permit such ice to remain on the premises in said ice house during the year 1900, it being understood that both parties might use said ice during said year, and that the plaintiff should have the right to enter on the premises and take such ice as he might desire to use in his business; that the plaintiff was, and now is, engaged in the dairy business, and that it was essential to his business that he have a store of ice to keep the milk and cream from spoiling; that defendant harvested said ice in pursuance of the agreement, and the plaintiff fully performed his part of the agreement, and that April 1, 1900, the defendant took possession of the premises, and now is in possession of the same, having obtained a deed thereof from the former owner; that the defendant permitted the plaintiff to enter on the premises, and to take ice from said ice house, for use in his business, until June 27, 1900, when the defendant, without cause, refused to allow the plaintiff to enter on said premises and take any more ice therefrom; that, unless defendant is restrained from interfering with the plaintiff's right to enter said premises and use said ice, the plaintiff's business will be destroyed, and he will suffer irreparable loss; that there is sufficient ice on said premises to supply the wants of both parties during the year 1900; and that plaintiff has no other ice, and is unable to procure any other, and relies wholly upon said ice for use in his business.

The injunctional order granted upon this complaint, without notice to the defendant, restrained the defendant from interfering with the plaintiff's business and his right to enter on the premises and take ice therefrom. The motion

for dissolution of the injunction was based upon the answer of the defendant, together with his affidavit and the affidavit of his son. The answer admitted the plaintiff's occupation and tenancy of the premises, and admitted his ownership and possession thereof since April 1, 1900, but denied the making of any agreement by which the plaintiff was allowed to take ice from the ice house on said premises after April 1, 1900. The affidavits of the defendant and his son denied at length the making of any such agreement with regard to the use of ice as set forth in the complaint. Upon the hearing of the motion for dissolution of the preliminary injunctional order, the plaintiff filed an additional affidavit, to the effect that, if the injunction were dissolved, he would be without remedy, for the reason that the ice would be used up and melted by the time of the trial of the action, and the plaintiff's business would be ruined. Upon the hearing of the motion, the preliminary injunctional order was vacated, and the plaintiff appeals.

For the appellant there was a brief by *Heck & Kreuzke,* and oral argument by *Charles Kreuzke.*

For the respondent there was a brief by *Martin J. Gillen,* attorney, and *William Smieding, Jr.,* of counsel, and oral argument by *Mr. Smieding.*

WINSLOW, J. It is manifest that there was no abuse of discretion in vacating the preliminary injunctional order. It is common knowledge that ice is a commodity which may at all times be purchased in the market. It is nowhere alleged that the defendant was insolvent, or that a judgment for damages against him could not be collected. The allegation of irreparable injury is therefore of little or no weight. If plaintiff was debarred from obtaining his ice from the ice house, he could obtain it elsewhere, and he could collect his loss or damage from the defendant if he showed himself entitled to recover any loss or damage. The case is not one

where, if the plaintiff recovers, his remedy will be valueless, or he will suffer irreparable injury unless the *status quo* be maintained; hence the case of *Valley I. W. Mfg. Co. v. Goodrich*, 103 Wis. 436, is not applicable.

A motion was made to dismiss the appeal because the return of the clerk does not certify that the papers returned are the original papers (or copies as the case may be) used upon the hearing of the motion, as required by sec. 3050, Stats. 1898. The return simply states that the papers returned are "original papers in the action." This court has frequently held that, in case of an appeal from an order, where neither the return nor the record itself shows that the papers returned are all of the papers used by each party on the motion, the appeal will be dismissed. *Carpenter v. Shepardson*, 43 Wis. 406; *Tenney v. Madison*, 99 Wis. 539; *Superior C. L. Co. v. Superior*, 104 Wis. 463. In the present case, however, the order appealed from names the papers upon which it was based, and, as these papers are all returned by the clerk, it affirmatively appears upon the record that the whole case which was before the trial court is before us, notwithstanding the defective certificate of the clerk. Hence we do not find it necessary to dismiss the appeal.

*By the Court.*— Order affirmed.