FASSBENDER, Respondent, vs. PETERS, Appellant.

*January 12—February 6, 1923.*

*Injunction pendente lite: When granted or refused: Preservation of status quo: Case not to be heard on affidavits: Nuisance.*

1. The granting or refusing of an injunction *pendente lite* is within the sound discretion of the trial court, and its order will not be reversed unless an abuse of discretion is shown.
2. Generally, where there is an unqualified denial of plaintiff's right, the *status quo* will be preserved, but the rule is subject to many exceptions; as where defendant is probably insolvent, or irreparable loss will be occasioned, or if defendant is fully indemnified for any damage he may sustain, coupled with probable injurious consequences to plaintiff if the injunction is not granted.
3. It is not the theory of the law that on application for an injunction *pendente lite* or for the vacation thereof the parties should try the merits of the case upon affidavits.
4. Where defendant, claiming a prescriptive right to drain offensive deposits from his creamery upon plaintiff's land, polluting a spring, was protected against damage by a bond of the plaintiff, and it was shown that by means of a temporary septic tank the use of defendant's creamery would not be impaired and plaintiff would have the use of his spring, a temporary injunction restraining the defendant from making such deposits was properly continued.

APPEAL from an order of the municipal court of Outagamie county: A. M. SPENCER, Judge. *Affirmed.*

Plaintiff brought an action to abate an alleged nuisance. Defendant runs a creamery adjacent to plaintiff's land and home, and it is claimed that he deposited whey, skim-milk washings, slops, and other foul matter upon the creamery property and that the same drained upon plaintiff's land, polluting a spring thereon so that it cannot be used and causing unhealthy and offensive smells. In his answer defendant denies that he maintains a nuisance and claims a prescriptive right to drain deposits from the creamery upon plaintiff's land. Upon the commencement of the action plaintiff gave a bond of $500 to indemnify defendant for

damages in case he was successful in the suit and obtained an injunction restraining defendant from making any such deposits upon the creamery property, subject to certain conditions not material to any question raised by the appeal, pending the suit. After the issues were made up the defendant moved for a vacation of the injunctional order. The court denied the motion upon condition that plaintiff's bond should be increased to $1,000, which was done. The defendant appealed.

For the appellant the cause was submitted on the brief of *Albert H. Krugmeier* of Appleton.

For the respondent there was a brief by *Ryan & Cary* of Appleton, and oral argument by *Thomas H. Ryan*.

VINJE, C. J.    It is a well known doctrine that the granting or refusing of an injunction *pendente lite* is a matter within the sound discretion of the trial court and that its order will not be reversed unless an abuse of discretion is shown. *Valley I. W. Mfg. Co. v. Goodrick,* 103 Wis. 436, 444, 78 N. W. 1096. It is also a general rule that the *status quo* will be preserved where there is an unqualified denial of plaintiff's right. *Milwaukee E. R. & L. Co. v. Bradley,* 108 Wis. 467, 84 N. W. 870. But the rule is subject to many exceptions. Probable insolvency of defendant, irreparable loss to plaintiff *pendente lite,* or full indemnity to defendant for any damage he may sustain during the suit, coupled with probable injurious consequences to plaintiff if injunction is not granted, are examples of exceptions. It is not the theory of the law that upon the application for an injunction *pendente lite* or for the vacation thereof the parties should try the merits of the case upon affidavits. In the present case the trial court was of the opinion that the rights could best be protected by a continuance of the injunction. The defendant was protected against damage by the bond of plaintiff if he could establish his claimed

right to drain the deposits upon plaintiff's land.    In the
meantime, it was shown, the construction of a temporary
septic tank was not very expensive, and that by means of it
the use of his creamery was not impaired and plaintiff
would have the use of his spring.    We observe no abuse
of judicial discretion in so disposing of the matter.    The
rights of both parties were safeguarded without hardship
to either.    The plaintiff does not complain because he has to
give a bond of $1,000 and defendant does not claim it is
inadequate.    Under such circumstances a temporary injunc-
tion is properly continued.    *Milwaukee E. R. & L. Co. v.
Bradley,* 108 Wis. 467, 84 N. W. 870; *DePauw v. Oxley,*
122 Wis. 656, 100 N. W. 1028; *Eau Claire Dells Imp. Co.
v. Eau Claire,* 134 Wis. 548, 559, 115 N. W. 155; 14
Ruling Case Law, 357.

*By the Court.*—Order affirmed.