STATE EX REL. ATTORNEY GENERAL, Appellant, vs. MANSKE, Respondent.

*February 7—April 11, 1939.*

For the appellant there was a brief by the *Attorney General, Harold H. Persons,* assistant attorney general, *Herbert J. Steffes,* district attorney of Milwaukee county, and *William M. Schneider,* counsel for the Wisconsin Trade Practice Department, and oral argument by *Mr. Persons.*

For the respondent there was a brief by *Mayer, Vandercook, Wilde & Rice* of Milwaukee, attorneys, and *Gilbert E. Vandercook* and *Wright Hallfrisch,* both of Milwaukee, and *Hilbert Liess* of Madison, of counsel, and oral argument by *Mr. Gilbert E. Vandercook* and *Mr. Hallfrisch.*

NELSON, J. So far as we are able to discover from the record, the only question before the trial court at the time it

rendered its decision was whether it should then issue an order restraining the defendant pending a judgment in the action or until the defendant paid the assessment levied against him by the Wisconsin trade practice department, from operating in the barber trade in this state. At that time the defendant had neither answered the complaint nor interposed a demurrer to it. Although the trial court filed an extended decision in which it held that sec. 110.08, Stats., violates numerous provisions of the constitution of this state and of the constitution of the United States, the order which it signed and entered could only relate to the restraining order sought to be obtained by the state of Wisconsin. It is clear from the language of the order that the restraining order was denied although the court went farther in its restraining order when it said:

"The plaintiff being, because of the reason herein stated, neither entitled to said restraining order pending judgment herein *nor entitled to an injunction pursuant to said section 110.08, as prayed for in the complaint.*"

At that stage of the action the state of Wisconsin was obviously attempting to obtain an order restraining the defendant from pursuing his trade pending judgment in the action or until the assessment levied against him was paid. A somewhat similar situation existed in *Gross v. Merrimac,* 210 Wis. 682, 683, 247 N. W. 335. It was there said:

"The order complained of does not purport to be a temporary injunction but this must be held to be its effect. It was made before issue joined, upon an order to show cause why an injunction *pendente lite* should not issue, and the complaint of plaintiff and certain affidavits constitute the sole basis for the order. It cannot be supposed that the trial court intended finally to dispose of the merits of this controversy in such a fashion."

Whether a court should issue a temporary restraining order pending judgment in an action is a matter resting in the

sound judicial discretion of the trial court. *Pioneer Wood-Pulp Co. v. Bensley,* 70 Wis. 476, 36 N. W. 321; *Lancaster v. Borkowski,* 179 Wis. 1, 190 N. W. 852; *Fassbender v. Peters,* 179 Wis. 587, 191 N. W. 973. Such a discretionary order will not be reversed unless abuse of discretion is shown. *Gross v. Merrimac, supra.* The function of a temporary restraining order is to maintain the *status quo,* not to change the position of the parties or compel the doing of acts which constitute all or part of the ultimate relief sought. *Consolidated Vinegar Works v. Brew,* 112 Wis. 610, 88 N. W. 603. Had the trial court issued the restraining order as prayed it would have been the duty of the defendant to obey it until reversed by this court on appeal or run the risk of being held in contempt of court with its serious attendant circumstances. *John F. Jelke Co. v. Beck,* 208 Wis. 650, 242 N. W. 576. Had the trial court issued the order and the defendant had paid the assessment, the issues in the action probably would have become moot. Under the circumstances, we cannot say that the trial court abused its discretion in refusing to issue the restraining order.

The attorney general has submitted to us an exhaustive brief which relates principally to the merits, that is to say, the constitutionality of sec. 110.08, Stats. The only question now before us is whether the trial court abused its discretion in refusing to issue a restraining order. That question is ignored by both parties and the case argued as though the merits were here. We do not pass upon the constitutionality of any of the laws assailed. We simply affirm the trial court in so far as it refused to issue a restraining order *pendente lite.*

*By the Court.*—Order affirmed.