BARTELL BROADCASTERS, INC., Plaintiff and Appellant, v. MILWAUKEE BROADCASTING COMPANY, Defendant and Respondent: HORNBACH, Intervening Defendant and Respondent.

*February 10—March 7, 1961.*

166

For the appellant there were briefs and oral argument by *Herbert L. Mount* of Milwaukee.

For the respondent Milwaukee Broadcasting Company there was a brief by *Roberts, Boardman, Suhr, Bjork & Curry* of Madison, and oral argument by *W. Wade Boardman*.

For the respondent Hornbach there was a brief by *Kivett & Kasdorf,* attorneys, and *Alan M. Clack* of counsel, all of Milwaukee.

BROADFOOT, J.   The attorneys for John Michael Hornbach contend that the first order is not appealable. They point out that an application for leave to intervene in an action is a special proceeding and that an order made in a special proceeding, to be appealable, must be a final order. Sec. 274.33 (2), Stats.

The order permitting intervention determines no final rights of any of the parties and in no way precludes ultimate judgment for or against any of the parties from which an appeal can be taken. The plaintiff in effect admits this contention but states that many orders, not of themselves appealable, may nevertheless be reviewed in the course of an appeal such as the instant case presents. No authority is cited for the statement and it is apparent that the order is not an appealable one under the statute quoted. Therefore the appeal from said order must be dismissed.

As to the second order, plaintiff first contends that radio trade names, titles, and names of fictitious characters are legally protectible under the law of unfair competition. Many cases are cited in support of that rule. In *Premier-Pabst Corp. v. Elm City Brewing Co.* 9 Fed. Supp. 754, and in

*Storer Broadcasting Co. v. Jack The Bellboy,* 107 Fed. Supp. 988, two cases cited by the plaintiff, it is stated a fictitious name or sobriquet of another, if lawfully acquired, may be protected. Nothing in the pleadings or affidavits indicates that the plaintiff acquired the right to use the name "Michaels" or "Mad Man Michaels" by contract. The only contention is that by creating a fictitious name and building up the popularity thereof by the expenditure of time and effort it has gained a proprietary interest therein and that the term has acquired a secondary meaning which identifies it with the plaintiff's radio station to such an extent as to create property rights thereto. This contention is put squarely in issue by the defendant broadcasting company and by the intervening defendant.

Sec. 268.02 (1), Stats., is entitled "Temporary injunction; when granted." The statute has been on the books for many years and there have been many decisions on the subject. We have held in many cases that on an appeal from an order refusing a temporary restraining order the merits of the case are not before the court. The only question is whether the trial court abused its discretion. *State ex rel. Attorney General v. Manske,* 231 Wis. 16, 285 N. W. 378; *Mogen David Wine Corp. v. Borenstein,* 267 Wis. 503, 66 N. W. (2d) 157; *Culligan, Inc., v. Rheaume,* 269 Wis. 242, 68 N. W. (2d) 810. The statute provides the reasons for which a temporary injunction *may* be granted.

Language can be found in opinions of this court that seems to express general rules to be applied in actions for injunctions. However, injunctions are not to be issued lightly but only to restrain an act that is clearly contrary to equity and good conscience. Whether or not an injunction should be granted depends upon the facts and circumstances in each case. A quotation from an opinion in a prior case is of no value as a precedent without a review of all of the facts and circumstances there present.

The plaintiff cites cases wherein this court has stated that temporary injunctions should be granted to maintain the *status quo* or to prevent irreparable injury when it is clear that the law cannot give adequate protection and relief to a party. The plaintiff cites other cases holding that this court should exercise its discretion and order a temporary injunction where the trial court refused to do so because of a mistaken view of the law. As an example of maintaining the *status quo* there is the case of *Eau Claire Dells Improvement Co. v. Eau Claire,* 134 Wis. 548, 115 N. W. 155, where the injunctive order granted by the trial court was enlarged to maintain the *status quo* in a situation that had existed for approximately thirty years. The situation here is far different.

The plaintiff contends that it has no adequate remedy at law and that it will suffer irreparable injury unless the defendant is restrained as prayed for in the complaint. On the other hand, the defendants claim that they will be irreparably injured if a temporary injunction is granted.

In *Vredenburg v. Safety Devices Corp.* 270 Wis. 36, 39, 70 N. W. (2d) 226, we quoted the following with approval:

"'Where the issuance of a preliminary injunction would have the effect of granting all the relief that could be obtained by a final decree and would practically dispose of the whole case, ordinarily it will not be granted, unless complainant's right to relief is clear.'" 43 C. J. S., Injunctions, p. 428, sec. 17.

In view of the sharp issue raised by the pleadings, an order requiring the issuance of a temporary injunction would practically require an examination of the merits and a determination of the issues. The trial court could not do this, and we cannot. Nor can we determine from the short transcript of a hearing before the trial court that its order denying a temporary injunction was based on a mistaken view of the law. The trial court made a short statement as to the

possible application of law depending upon facts that would be developed upon a trial.

Our determination in this case depends upon the answer to one question. Has the plaintiff, by the record presented, demonstrated that the actions and conduct of the defendants is contrary to equity and good conscience? The answer must be "No." The material allegations that plaintiff relies upon are controverted. The ultimate facts will have to be determined by a trial of the issues. Our equitable powers are great, but they should be exercised with caution and only where the reason and necessity therefor are clearly demonstrated. At this point in the litigation, plaintiff has not so demonstrated.

*By the Court.*—Appeal from the order permitting John M. Hornbach to intervene as a defendant is dismissed. Order denying a temporary injunction is affirmed.