ROCK COUNTY, Appellant, vs. CITY OF EDGERTON, Respondent.

*April 23 — May 15, 1895.*

*Excise laws: Disposition of license moneys: Uniformity: Constitutional law.*

The moneys derived from licenses to sell intoxicating liquors may be disposed of by the legislature in its discretion, and its power in this respect is not limited by any requirement of uniformity among the political subdivisions of the state. Sec. 23, art. IV, Const. (which provides that "the legislature shall establish but one system of town and county government, which shall be as nearly uniform as practicable"), is not applicable.

APPEAL from an order of the circuit court for Rock county : JOHN R. BENNETT, Circuit Judge. *Reversed.*

The action is to recover from the city of *Edgerton* certain moneys alleged to be due from it to the county of *Rock* under the provisions of ch. 417, Laws of 1887. The complaint states, in substance, that the defendant is an incorporated city within the limits of *Rock* county; that for the years 1889 to 1893, inclusive, it granted thirty licenses for the sale of intoxicating drinks; that it has not paid any part of such license moneys into the treasury of *Rock* county, but is indebted to the county therefor, in all, in the sum of $1,500,— and demands judgment for the same. The city demurred to the complaint. The demurrer was sustained, and the county appeals.

For the appellant there were briefs by *Dunwiddie & Wheeler*, and oral argument by *W. G. Wheeler.*

For the respondent there was a brief by *Luse & Wait*, and oral argument by *L. K. Luse.*

NEWMAN, J.    Under the general law (sec. 1562, R. S.), all moneys derived from licenses to sell intoxicating liquors are to be kept separate from all other moneys by the treasurers

of towns, villages, and cities, and set apart for the support
of the poor. In counties where the county system of sup-
porting the poor has been adopted, they are to be paid into
the county treasury, and in other counties into the town
treasury, "unless the supervisors, trustees or common coun-
cil of such town, village or city, shall have, by ordinance or
resolution, provided for a different way of disposing thereof,
(which they are empowered, in their discretion, to do)."
Ch. 417, Laws of 1887, provides that: "It shall be the duty
of each city, incorporated village and town, in the county
of *Rock*, to pay into the treasury of said county, for the
benefit of the poor fund, for each license to sell intoxicating
drinks granted by any such city, incorporated village or
town, the sum of fifty dollars." It is to recover under this
last provision that this action is brought.

It is claimed that this statute violates the constitution of
the state, for two reasons: (1) That it violates art. IV., sec. 23,
which provides, "The legislature shall establish but one
system of town and county government, which shall be as
nearly uniform as practicable;" and (2) that it is unequal
and partial legislation, in that it requires the towns, villages,
and cities of *Rock* county to pay over the license moneys
collected by them to the county of *Rock*, while the other
towns, villages, and cities of the state are permitted to make
their own application of them, without restriction.

It is only in a limited and partial sense, if at all, that the
granting of licenses to sell intoxicating liquors is a part of
the system of town and county government. The laws regu-
lating the sale of intoxicating liquors are a part of the
police regulations of the state. They are enacted under the
police power, to restrain and regulate a traffic which experi-
ence has shown to be likely to produce mischief in the com-
munity. It is a regulation of the traffic in the state at large,
in the interest of the general public welfare. The duty to
administer these laws is put upon certain local officers of the

towns, villages, and cities of the state, for convenience of government, and not to promote or protect any peculiar local interest. These local officers are clothed with certain limited political powers, to be exercised for the public good on behalf of the general public, the state, and not exclusively or principally for the benefit of any local community. The fee which is paid for the license is not a tax, nor is it imposed for the purpose of revenue. It is one of the incidents of the system, not its object. When collected, the fee belongs to the state. It is a part of the funds of the state, and subject entirely to be disposed of by the legislature in its discretion. *Richland Co. v. Richland Center*, 59 Wis. 591. There is no provision of the constitution which limits the power of the legislature, in its disposition of this fund, to any rule of uniformity among the political subdivisions of the state.

Nor does any such limitation exist outside of the constitution. "Laws public in their object may, unless express constitutional provisions forbid, be either general or local in their application. . . . The authority that legislates for the state at large must determine whether particular rules shall extend to the whole state and all its citizens, or, on the other hand, to a subdivision of the state or a single class of its citizens only. The circumstances of a particular locality, or the prevailing public sentiment in that section of the state, may require or make acceptable different police regulations from those demanded in another, or call for different taxation and a different application of public moneys. The legislature may therefore prescribe or authorize different laws of police, allow the right of eminent domain to be exercised in different cases and through different agencies, and prescribe peculiar restrictions upon taxation, in each distinct municipality, provided the state constitution does not forbid." Cooley, Const. Lim. (6th ed.), 479, 480.

This being a fund which belonged to the state, the state

could employ any agency which it deemed best suited to the purpose to expend the fund or to apply it to practical use. And it might change that agency, if that should be deemed desirable. Instead of permitting the city of *Edgerton* to apply the fund, it might put that duty upon the county of *Rock*, for whatever reason should seem sufficient to the legislature. The right to dispose of these moneys could never become a vested right in the city. *Richland Co. v. Richland Center*, 59 Wis. 591. And it is not for the courts to inquire into the reasons or motive which influenced the legislature in making the change. It must be assumed that it knew the situation and acted upon sufficient grounds. It is of the nature of legislative bodies to judge for themselves, and the fact, and the exercise of that judgment, is to be implied from the law itself. *Cronin v. People*, 82 N. Y. 318, 323. The law of 1887 was a valid exercise of the legislative power.

*By the Court.*— The order of the circuit court is reversed, and the cause remanded for further proceedings according to law.