MADISON GAS & ELECTRIC COMPANY, Respondent, vs. PUBLIC SERVICE COMMISSION, Appellant.*

*January 15—February 25, 1947.*

* Motion for rehearing denied, without costs, on May 13, 1947.

For the appellant there was a brief by the *Attorney General, Harold H. Persons,* assistant attorney general, and *H. T. Ferguson,* chief counsel for the Public Service Commission, and oral argument by *Mr. Persons.*

For the respondent there was a brief by *Rieser & Mathys,* attorneys, and *William A. McNamara* of counsel, all of Madison, and oral argument by *Mr. McNamara.*

Fritz, J. The facts and contentions of parties in this case,—so far as here material,—are substantially similar to the facts and contentions involved in *Milwaukee Gas Light Co. v. Public Service Comm., ante,* p. 54, 26 N. W. (2d) 287 (decided herewith). It suffices to note that,—as appears from allegations in plaintiff's complaint, as to which there is no denial by defendant,—the plaintiff, Madison Gas & Electric Company (a public-service corporation) applied to de-

fendant, Public Service Commission, for a certificate of authority to (a) issue certain bonds, (b) reclassify its outstanding capital stock, and (c) take certain other steps in the course of reorganization and refinancing of the plaintiff. As a requirement for the issuance of the certificate of authority defendant demanded that plaintiff pay, under sec. 184.10 (1), Stats., a fee amounting to $3,000 for defendant's approval of plaintiff's proposed reclassification of 30,000 shares of its $100 par value per share of common stock into 187,500 shares of common stock, having a par value of $16 per share. In compliance with said demand of defendant, and in order to carry out plaintiff's plan of reorganization as originally scheduled, and to avoid greater damage which would have resulted from the failure so to do, plaintiff paid to defendant the $3,000 fee demanded by it. Plaintiff further alleged that defendant is about to pay or cause to be paid said money to the state treasurer, and that if it is so paid plaintiff will be injured in that it may find itself without a remedy other than securing the return of the money by legislative action; and that regardless of which course is taken, once the money is paid over to the state treasurer, the plaintiff will encounter additional delay, expense, and inconvenience. On the facts stated above, the court, after a hearing pursuant to plaintiff's motion for an injunction ordered that defendant desist and refrain *pendente lite* from paying to the state treasurer the sum of $3,000 received by defendant from plaintiff.

Defendant's contentions and claims on its appeal from that order are the same as stated in *Milwaukee Gas Light Co. v. Public Service Comm., supra.* On the other hand the plaintiff herein contends (briefly summarized) that as the sum of $3,000 was erroneously and illegally demanded and collected by defendant from plaintiff, the funds do not belong to the state, and sec. 14.68 (1), Stats. (requiring payment to the state treasury by defendant) is not applicable to such erroneously and illegally collected funds, because the requirement

that moneys be paid to the state treasury refers to "all moneys collected or received . . . for or in behalf of the state;" that the legislature does not have exclusive power over funds illegally demanded and collected by defendant; and that the courts have power to order restoration of such funds to their proper owners when they are still in the hands of defendant. Plaintiff's contentions must be sustained for the reasons stated in *Milwaukee Gas Light Co. v. Public Service Comm., supra,* and in *Lake Superior District Power Co. v. Public Service Comm., ante,* p. 39, 26 N. W. (2d) 278 (decided herewith).

As the fund in question herein was erroneously and illegally collected by defendant, and is still in its custody and possession, it was within the discretion of the court to order the injunction *pendente lite* to prevent the fund from being turned in to the state treasury, thereby subjecting plaintiff to delays and expense if compelled to resort to legislative action and court proceedings under ch. 285, Stats., in order to recover the fund. As we said in *State ex rel. Attorney General v. Manske,* 231 Wis. 16, 20, 285 N. W. 378,—

"Whether a court should issue a temporary restraining order pending judgment in an action is a matter resting in the sound judicial discretion of the trial court. [Citations.] Such a discretionary order will not be reversed unless abuse of discretion is shown. *Gross v. Merrimac.*" (210 Wis. 682, 683, 247 N. W. 335.)

*By the Court.*—Order affirmed.

RECTOR, J., took no part.