MILWAUKEE GAS LIGHT COMPANY, Respondent, vs. PUBLIC
SERVICE COMMISSION, Appellant.*

*January 15—February 25, 1947.*

* Motion for rehearing denied, without costs, on May 13, 1947.

For the appellant there was a brief by the *Attorney General, Harold H. Persons,* assistant attorney general, and *H. T. Ferguson,* chief counsel for the Public Service Commission, and oral argument by *Mr. Persons.*

For the respondent there was a brief by *Miller, Mack & Fairchild,* and oral argument by *Steven E. Keane,* all of Milwaukee.

FRITZ, J.   At the hearing which resulted in the injunctional order from which the defendant, Public Service Commission, appealed, the only facts presented to the court, and upon which the order was based, are those alleged in the Milwaukee Gas Light Company's complaint, which so far as here material are to the following effect.   The plaintiff (a public-service corporation) by an amended petition applied for defendant's approval of the proposed change by plaintiff of its presently outstanding 180,000 shares of $50 per share par value common stock to 750,000 shares of $12 per share par value common stock, and the substitution of four and one sixth of such reduced par value shares for each share of the presently outstanding 180,000 shares of common stock.   Plaintiff proposed to accomplish that change by duly amending its articles of in-

corporation by the requisite vote of its stockholders and filing said amendment. In addition plaintiff applied in said petition for defendant's approval of plaintiff's issuance of 362,828 additional shares of $12 par value common stock to be used to pay the purchase price for another plant. In response to said petition, defendant issued an "Opinion and Order" approving defendant's proposed exchange of its 180,000 shares of common stock of $50 par value each for 750,000 shares of common stock of $12 par value per share, if its articles of incorporation be amended accordingly and provided that each share of $12 par value stock shall have only twelve fiftieths of one vote in any stockholders' meeting in which preferred stockholders are entitled to vote. In addition said "Opinion and Order" also contained a certificate authorizing plaintiff to issue also 362,828 additional shares of its $12 par value common stock. But defendant refused to release said "Opinion and Order" unless and until plaintiff paid to defendant $13,353.94 which it demanded as a fee claimed by it to be due under sec. 184.10 (1), Stats. Plaintiff recognized as due and owing thereunder the sum of $4,353.94 as the fee required for the issuance of defendant's "certificate" authorizing the issuance of said 362,828 additional shares of common stock; but plaintiff denied that it was liable, under sec. 184.10 (1), Stats., for the additional sum of $9,000 which defendant was requiring plaintiff to pay as due and owing under that statute for defendant's approval of plaintiff's proposed exchange of its 180,000 outstanding shares of common stock of $50 par value per share for 750,000 shares of its $12 par value per share of common stock. That, as plaintiff also alleged in its complaint,—

"In order to obtain the said 'Opinion and Order,' delay in the receipt of which would have caused damage to the plaintiff, the plaintiff delivered to the defendant its checks in the respective amounts of $4,353.94 and $9,000 totaling $13,353.94 on April 1, 1946, and delivered to the defendant simultaneously therewith a notice of protest in writing against the payment of the said $9,000;"

and that "defendant is about to pay or cause to be paid said $9,000 to the treasurer of the state of Wisconsin. If said amount is so paid, the plaintiff will suffer injury in that such remedy as may exist for the plaintiff's securing a return of said amount from the treasurer of the state of Wisconsin will involve considerable delay, inconvenience, expense, and upon information and belief may require legislative action."

Upon the hearing of plaintiff's motion for an injunction *pendente lite,* the court upon the above-stated facts alleged in plaintiff's complaint, which were not denied by defendant, ordered that defendant "desist and refrain during the pendency of this action from paying the sum of" $9,000 "which it has received from the plaintiff under the circumstances described in the complaint herein, or any portion of said sum, to the" state treasurer.

Defendant, in contending that the court erred in granting that injunction, claims that whether defendant rightly or wrongly demanded and exacted the prepayment of the fee under sec. 184.10 (1), Stats., when that sum was paid to defendant by plaintiff, as stated above, it was paid to defendant as an arm or agency of the state of Wisconsin; that therefore there was applicable thereto the provision in sec. 14.68, Stats., that,—

"Unless otherwise provided by law, all moneys collected or received by each and every officer, board, commission, society, or association for or in behalf of the state, or which is required by law to be turned into the state treasury, shall be deposited in or transmitted to the state treasury at least once a week; . . ."

and that as the legislature has the exclusive right to say what shall be done with state funds, and how they shall be dealt with, and what defendant shall do with state funds when it receives the same into its custody, and as the legislature has done this by sec. 14.68 (1), Stats., a court is without power to suspend the operation or effectiveness of sec. 14.68 (1), Stats.

Defendant's contention and claims, as stated above, cannot be sustained. For the reasons stated in *Lake Superior District Power Co. v. Public Service Comm.,* ante, p. 39, 26 N. W. (2d) 278 (decided herewith), the provisions in sec. 184.10 (1), Stats., prescribing the payment of the fee to be paid by a public-service corporation upon an authorized issue of securities, are not applicable to such a split-up of presently outstanding shares of common stock as was proposed and made by the plaintiff in this case. Consequently, defendant's refusal to release its "Opinion and Order" approving plaintiff's proposed split-up unless and until plaintiff paid to it the sum of $9,000, as a fee payable under sec. 184.10 (1), Stats., in respect to such split-up transaction, and also defendant's demand for the payment of that sum by plaintiff, were unauthorized and illegal.

In the absence of any denial by defendant the court could consider to be true the allegations in plaintiff's complaint that in order to obtain defendant's approval of the proposed split-up, delay in the receipt of which would have caused damage to plaintiff, it delivered its check for the $9,000 to defendant with a notice of protest in writing against the payment of that amount. Consequently, as the check was delivered to defendant under the compulsion of duress and with the notice of protest, and as neither the defendant nor the state was ever entitled to the $9,000 illegally demanded by the defendant, neither that amount of money nor the check therefor can presently be considered to be moneys collected or received by defendant for or in behalf of the state, or which can be deemed to be required by law to be deposited in or transmitted to the state treasurer by defendant under sec. 14.68, Stats. And as that has not been done, this is not an action to recover on a claim against the state, and therefore the provisions in sec. 27, art. IV, Wis. Const., and ch. 285, Stats., in relation to bringing an action against the state, are not involved herein. As plaintiff's check for $9,000, which is the property in issue,

is not in the state treasury and has not become part of the funds or property of the state, but is still in the custody of defendant under the conditions which were stated in the notice of protest with which it was received and also stated in defendant's receipt therefor, the defendant as an entity, *i. e.,* the Public Service Commission,—and not the state since nothing belonging to it is in issue,—is the real party in interest and as such defendant can be sued in the name of "Public Service Commission of Wisconsin" as is provided in sec. 195.01 (9), Stats.

*By the Court.*—Order affirmed.

RECTOR, J., took no part.

---

\* Motion for rehearing denied, without costs, on May 13, 1947.