CITY OF KAUKAUNA, Appellant, vs. DEPARTMENT OF TAXATION, Respondent.

*February 25—April 8, 1947.*

H. F. *McAndrews* of Kaukauna, for the appellant.

For the respondent there was a brief by the *Attorney General, Harold H. Persons,* assistant attorney general, and *Stanley A. Staidl,* attorney for the town of Buchanan, and oral argument by *Mr. Persons* and *Mr. Staidl.*

BARLOW, J.   The question presented on this appeal is whether a certification by the Wisconsin Department of Taxation, pursuant to secs. 76.27 and 76.28, Stats., relating to distribution of utility taxes to towns, cities, villages, and counties, is reviewable by the Wisconsin board of tax appeals.

The city of Kaukauna, Outagamie county, Wisconsin, owns and operates a distribution system for distributing electric current at retail.   Green Bay & Mississippi Canal Company owns property in Outagamie county, assessed by the Wisconsin Department of Taxation as a public utility under ch. 76, Stats.

The Canal Company owns a hydroelectric plant for the generation of electric current in the city of Kaukauna, and also a like plant in the town of Buchanan, known as the "Rapide Croche" plant. The Rapide Croche plant in the town of Buchanan is leased by the Canal Company to the city of Kaukauna, which operates the same and distributes the electric energy there produced over its own distribution system. The Wisconsin Department of Taxation assessed the utility property of the Canal Company and certified the distribution of the utility taxes pursuant to secs. 76.27 and 76.28, Stats.

Appellant contends that the amounts paid by the city of Kaukauna to the Canal Company for the use of the hydroelectric plant in the town of Buchanan are receipts derived from current delivered at wholesale to the municipally owned utility, as provided in sec. 76.28 (1), Stats., and the Wisconsin Department of Taxation, in making the certification for the distribution of the utility taxes, failed to give proper recognition to the amount so paid as provided in sec. 76.28 (1).

The Wisconsin Department of Taxation objected to the jurisdiction of the Wisconsin board of tax appeals. Petitioner relies on sec. 73.01 (5) (a), Stats., which reads as follows:

"Subject to the provisions for judicial review contained in the statutes, the board shall be the final authority for the hearing and determination of all questions of law and fact arising under the tax laws of the state, except such as may be otherwise expressly designated."

It argues that the certification of the taxes in question is a matter arising under the tax laws of this state, and that sec. 73.015, Stats., prohibits any person from beginning any action or proceeding on a matter reviewable by the board unless such person shall first have availed himself of a hearing by the board. Following the sections quoted by appellant, sec. 73.01 (6), provides the procedure and requirements for re-

view by the Wisconsin board of tax appeals, specifically authorizing and limiting such review to application for abatement or claim for refund of income taxes by a taxpayer. Secs. 71.12 and 71.17 of the income tax law provide the initial procedure for such review, and sec. 71.61 (10) authorizes a review of the privilege dividend taxes, and sec. 72.75 (7) (e) authorizes review of gift taxes, with the same initial procedure as in the income tax law.

Sec. 73.01 (6), Stats., confers no authority on the board except in respect to specific types of taxes, and then only by and when the procedure there specified is followed. In addition to the foregoing, authority to review is granted to the board by sec. 76.08, where it is provided that a railroad company, telegraph company, sleeping-car company, street-railway company, light, heat, and power company, or conservation and regulation company which is assessed under sec. 76.07 shall have the right to petition the Wisconsin board of tax appeals for a hearing on the assessment of its property. This is a specific provision, where the property owner has a right to a review of an original assessment of the property made by the department. The same review is provided for the assessment of taxes against freight-line companies under sec. 76.42, the right of the taxpayer to petition the board for hearing on the assessment being specifically provided for in sec. 76.43.

The taxes in question go into and are a part of the general fund. Sec. 76.24, Stats. Any right that the local subdivision of government has is a matter of legislative grace as a distribution of state taxes. *Richland County v. Richland Center* (1884), 59 Wis. 591, 18 N. W. 497; *Rock County v. Edgerton* (1895), 90 Wis. 288, 63 N. W. 291. By secs. 76.27 and 76.28 the legislature directed the Wisconsin Department of Taxation to perform a state administrative act relating solely to state business. No provision was made by the legislature for a review of this administrative act, and no procedure was provided whereby it could be reviewed.

Prior to the enactment of ch. 412, Laws of 1939, the Wisconsin tax commission exercised administrative powers and exercised *quasi*-judicial functions by holding hearings for review as provided by law. In 1939 the legislature created two separate and distinct departments. The administrative work was placed in the Wisconsin Department of Taxation, and the *quasi*-judicial functions were transferred to the Wisconsin board of tax appeals. Thus the taxpayer was afforded a review of *quasi*-judicial questions before an independent tribunal, but the subject matter and manner of review was specifically set up by the legislature. The Wisconsin Department of Taxation is party to the review the same as the taxpayer, with no greater and no less rights than those afforded to the taxpayer. It was not the intention of the legislature to grant to the Wisconsin board of tax appeals any supervisory right or authority over the administrative functions of the Wisconsin Department of Taxation. It was not authorized to supervise or direct the administrative functions of the commissioner of taxation or any of the employees of the department. It has only such rights as the legislature has specifically granted to it. To hold otherwise would make the Wisconsin Department of Taxation a part of the Wisconsin board of tax appeals. This would be contrary to the intention of the legislature as we understand it.

The real import of sec. 73.01 (5), Stats., is to lodge final authority in the board on all questions of law and fact, not to grant it jurisdiction of all tax matters. Sec. 73.01 (5) defines the powers and duties of the board and sec. 73.01 (6) defines its jurisdiction. Therefore, clearly the court must read into sec. 73.01 (5) (a) only the jurisdiction that is conferred and granted in sec. 73.01 (6). The latter section does not grant jurisdiction to the board to review the question presented.

*By the Court.*—Judgment affirmed.

RECTOR, J., took no part.