IN RE DIVISION OF ASSETS OF JOINT UNION FREE HIGH
SCHOOL DISTRICT No. 1 : JOINT UNION FREE HIGH
SCHOOL DISTRICT No. 1, Appellant, vs. UNION FREE
HIGH SCHOOL, Respondent.

*May 6—June 20, 1952.*

128

For the appellant there was a brief by *Vaudreuil & Vaudreuil* of Kenosha, and oral argument by *Leo E. Vaudreuil.*

For the respondent there was a brief by *Robert T. Richter* of Burlington, and *Cavanagh, Mittelstaed, Sheldon & Heide* of Kenosha, and oral argument by *Mr. Richter* and *Mr. William A. Sheldon.*

BROWN, J.   The learned trial court held that no area was added to the Wilmot district by the order of May 25, 1949,

because the statutory procedure prescribed by sec. 40.30, Stats., and followed by the school committee was applicable only to common school districts and did not authorize the creation or alteration of high-school districts in this manner. Consequently, the trial court considered that the new area did not legally become part of the Wilmot high-school district and never acquired a standing which would entitle it to a division of assets under the provisions of sec. 66.03. We cannot agree with the premise on which the trial court's conclusion is based. It is true that sec. 40.30 is entitled: "Common school districts; creation, alteration, dissolution." But sec. 370.01 (48), Stats. 1949, now sec. 370.001 (6), declares:

"*Statute titles.* The titles to subchapters, sections, subsections, and paragraphs of the statutes constitute no part of the law."

Prior to the legislative session of 1939 the quoted title was accurate. Sec. 40.30, Stats., then was expressly limited to the creation, alteration, etc., of *common* school districts; but by ch. 228, Laws of 1939, the legislature struck out the word "*common*," thus removing the limitation and making the words of the statute applicable to schools in general, without distinction. We cannot refuse to give effect to this legislative action and we must hold that thereafter the statutory authorization of sec. 40.30 affected the creation and alteration of high-school districts as well as others. There is no contention that the committee did not comply with that statute and we must hold, contrary to the learned trial court, that the territory which now forms the petitioning district became legally a part of the Wilmot district by the committee's order of May 25, 1949.

Respondent submits that the provision of sec. 40.303 (14) (a), Stats., which states that if the school committee's order is not approved in the referendum such order "shall

not become effective" makes that order void from the start, so that the added area never had status as part of a high-school district. We cannot agree that this result follows from sec. 40.303 (14) (a). Until the enactment and effective date of that statute, that is, from May 25, 1949, to July 23, 1949, the creation or alteration of the enlarged district complied with the existing law and subsequent legislation is ineffective to make that status illegal *ex post facto,* although it may declare it to be illegal for the future. Upon reason also, we cannot believe that the legislature intended to declare that contracts made, taxes assessed and paid, teachers' salaries and other expenses paid, all in strict compliance with existing law, had become the unauthorized and illegal acts of those who had participated in them. Allowing the legislation the utmost credit which can be given it, we consider that the language "such order shall not become effective unless it is approved" (by a referendum) under circumstances such as these relates only to its effectiveness after the date of the referendum without impairing the prior validity of the order. By the unfavorable referendum, then, the effectiveness of the order of May 25th was canceled and the added area reverted to its ante-order status; that is, the territory was no longer a part of any high-school district. This, too, appears to have been the understanding of the people in that territory for the subsequent proceedings to establish the separate district dealt with that area, and its inhabitants, alone, without reference to any previous union with the original Wilmot district.

It seems clear to us that when the area reverted to its former condition in which it was not a part of any high-school district, that was not a transfer of territory from one high-school district to another. Neither was there such a transfer later when on July 19, 1950, the school committee's order created the petitioner high-school district out of territory which did not then form a part of any high-school district.

Sec. 66.03, Stats., contemplates a municipality (a school district) on each end of the transfer line. No more than one such municipality is involved in either of the changes of status of the territory which the petitioning district now represents. We are unable to find that sec. 66.03 applies to either change of status, each of which was complete in itself. The learned trial court, therefore, correctly dismissed the petition which demanded a division of assets as provided in that section.

The trial court was properly concerned over a statutory construction which petitioner contended gave to an area, such as the petitioning district, a claim to a proportion of the capital assets, acquired over many years, of an existing district in return for a single year's payment of school taxes. On the appeal petitioner disclaimed such a purpose, notwithstanding that an apportionment measured by the taxable property in the two districts is the only one authorized by the section under which this proceeding is brought; and counsel submitted that the demand is only for what was equitably the new district's share of assets which its taxes had helped produce. This is really an attempt on appeal to change a demand for a division of assets upon an assessed valuation basis, as provided by statute, to a demand for an accounting. Whether, under the circumstances of this case, an accounting would lie was not briefed or argued, and without the advantages of such presentation we do not care to express an opinion; nor was that question presented to the trial court. On the matters which were presented, we conclude the petition was properly dismissed.

*By the Court.*—Judgment affirmed.