CHRISTIE, Appellant, vs. LUETH and others, Respondents.*

*November 4—December 1, 1953.*

* Motion for rehearing denied, with $25 costs, on February 2, 1954.

For the appellant there were briefs by *Hale, Skemp, Nietsch, Hanson & Schnurrer* of La Crosse, and oral argument by *Thomas H. Skemp.*

For the respondents there was a brief by *Johns, Roraff, Pappas & Flaherty* of La Crosse, and *Fred E. Steele,* city attorney, and oral argument by *Robert D. Johns.*

BROWN, J. The first contention to be dealt with on this appeal, as stated by plaintiff-appellant, is that the resolution violates the constitutions of the state and nation because it is a bill of attainder, forbidden by such constitutions, in that it affects only one person and directs proceedings against him. Appellant cites *Cummings v. Missouri* (1866), 71 U. S. 277 (4 Wall.), 18 L. Ed. 356, on this point but the citation does not sustain him. The case's headnote definition is, "A bill of attainder is a legislative act which inflicts punishment without a judicial trial." The opinion, page 323, goes into greater detail. Referring to bills of attainder, it says:

"In these cases the legislative body, in addition to its legitimate functions, exercises the powers and office of judge; it assumes, in the language of the textbooks, judicial magistracy; it pronounces upon the guilt of the party, without any of the forms or safeguards of trial; it determines the sufficiency of the proofs produced, whether conformable to the rules of evidence or otherwise; and it fixes the degree of punishment in accordance with its own notions of the enormity of the offense."

11 Am. Jur., Constitutional Law, p. 1175, sec. 347, and 16 C. J. S., Constitutional Law, p. 902, sec. 452, use the language of the *Cummings Case, supra,* to define bills of attainder. A comparison of the resolution in question with these specifications is sufficient to demonstrate how lacking the resolution is in the attributes of a bill of attainder.

Appellant submits that the action of the common council is invalid because it deprives him of the equal protection of the laws and denies him due process of law, contrary to the guaranties of the Fifth and Fourteenth amendments to the constitution of the United States. If a policeman's conduct is deemed objectionable by any party interested in it, sec. 62.13 (5), Stats., prescribes the course of disciplinary measures. There must be written charges made either by the

chief of police or any elector, a public hearing before the board of police and fire commissioners and a right of appeal by the accused from the determination of the board to the circuit court. We consider that the statutory procedure, which must be followed before any removal or other punishment of a police officer may be imposed, complies with the requirements of the Fifth and Fourteenth amendments. None of these safeguards are impaired by the resolution which only directs the chief of police to set the statutory program in motion. Unless we can find that the appellant has somehow acquired immunity and cannot be held to account for his conduct in the manner provided by law, we may not find that the council, by requiring him to account in that manner, has deprived him of any guaranteed rights. We cannot find any such immunity nor, consequently, any violation of the Fifth and Fourteenth amendments, *supra,* in the adoption of the resolution or in its operation.

Appellant contends next that by the resolution the legislative branch of the city government invaded the executive and judicial prerogatives in violation of the constitutional principle of the independence of the three branches. The common council has not attempted to perform any of the functions of the other divisions of government. It has pointed out what it considers the duty of executive officials, the mayor and chief of police, and directed them to get busy. The duties of the mayor will be touched upon later.

"The chief of police shall have command of the police force of the city under the direction of the mayor. It shall be his duty to obey all lawful written orders of the mayor or common council. . . ." Sec. 62.09 (13), Stats. We are unable to find anything unlawful in this direction by the council to the chief in a matter concerning his department, nor has he or any other representative of the executive branch complained that the functions of that branch are thereby invaded by the city legislature. The same situation was pre-

sented in *La Abra Silver Mining Co. v. United States* (1899), 175 U. S. 423, 20 Sup. Ct. 168, 44 L. Ed. 223. There congress directed the attorney general to commence an action to determine whether or not a claim which had been allowed by arbitrators against the Republic of Mexico was in fact fraudulent. The mining company contended that this legislation was an invalid interference with the constitutional separation of executive and legislative powers. The supreme court of the United States held that it was not. We hold that the resolution, stopping where it did, was not void as an unconstitutional interference by the common council with the functions of another branch of the city government.

Lastly, appellant submits that the trial court erred in determining that there was no issue of material fact to be tried. He points out that his complaint alleges that the common council's action damaged him and defendants' answers denied it, wherefore the existence of damage is an issue for trial. We consider that the presence or absence of such incidental damage is not material to this suit, which seeks to declare the council's action null and void and to enjoin certain acts. Directions to investigate and determine charges preferred against police officers, as provided by statute, are not to be held null and void nor such proceedings enjoined upon a showing that damage will occur to the accused person. We might as well hold that courts could enjoin arrests and prosecutions for crime for the same reason.

Appellant also submits that the political motives of the defendants in this matter and the possibilities of collusion among them in order to deprive him of his job have been put in issue and demand a trial. It is axiomatic that the courts may not investigate the motives of those who enacted legislation. 11 Am. Jur., Constitutional Law, p. 818, sec. 141. *State ex rel. Rose v. Superior Court of Milwaukee County* (1900), 105 Wis. 651, 677, 678, 81 N. W. 1046; *Rosenberg v. Whitefish Bay* (1929), 199 Wis. 214, 218, 225 N. W.

838. If the court may not do this the motives behind the adoption of the resolution are immaterial and disagreement concerning them does not present an issue of fact for trial.

We find no error in the learned trial court's refusal to declare the resolution null and void.

The trial court also declined to enjoin the defendants from enforcing or attempting to enforce the resolution. An examination of the resolution shows:

(1) That the chief of police is directed to commence proper proceedings by the filing of charges to be prosecuted by the city attorney. The chief is responsible for the discipline, good order, and efficiency of the police department. As such, it is one of his duties to file charges against departmental offenders when he considers their conduct is detrimental to the public service. Sec. 62.13 (5) (b), Stats., authorizes him to do so. How is a court to enjoin him from filing charges in obedience to the resolution without enjoining him from the plain performance of his duty if he thinks, now or in the future, that appellant's behavior and the public interest call for such charges to be filed? We conclude that no injunction should have been granted concerning the chief's duty.

The city attorney shall conduct all the law business in which the city is interested. Sec. 62.09 (12), Stats. He is the logical and proper official to prosecute such charges as may be filed by a department head against a subordinate. There may be occasions when his duty lies elsewhere but, clearly, the court should not enjoin him from performing this obvious function of his office. We agree with the trial court in its denial of this feature of the injunction.

(2) The resolution directs that the records and papers of the retired police and fire commission be delivered to and kept by the city clerk to be made available to the succeeding commission to be appointed and the council's special investigating committee. We can find no logical objection to this

direction nor any cause for enjoining its performance. There was no abuse of discretion by the trial court in denying the injunction here.

(3) The resolution states that the members of the existing commission have resigned and directs the mayor to appoint a new one. Sec. 62.13 (1), Stats., provides that each city shall have a board of police and fire commissioners appointed by the mayor. Sec. 17.23 (1) (d) provides that the mayor shall fill vacancies. The mayor is required by statute to do the thing which the complaint asks the court to forbid. The court properly refused to enjoin him from performing his statutory duty. The resolution called attention to his duty and directed its performance. The council did not attempt to make the appointments and did not invade the mayor's function.

The complaint alleges, in effect, that the plaintiff has vindictive and persistent enemies in the police department and in the city government, that they are persecuting him by pressing charges against him, and that the council's resolution directing charges to be filed is a part of the program. It appears in the record that all the defendants are electors of the city. As such, they, individually and privately, may file charges against appellant under the authority of sec. 62.13 (5) (b), Stats. If the court should enjoin the filing of charges by any defendant in an official capacity each of them could exercise the right of an elector and, as a private citizen, file the same charge without violating the injunction. The granting or refusal of an injunction lies in the sound discretion of the trial court. *Madison G. & E. Co. v. Public Service Comm.* (1947), 250 Wis. 59, 62, 26 N. W. (2d) 285. Certainly, there is no abuse of discretion by that court in refusing to issue an injunction when, as clearly as it appears here, the thing which the injunction was designed to prevent could still be done without violating the injunction.

A similar condition affects the trial court's refusal to grant declaratory relief. If every demand of the complaint was granted, plaintiff's opponents retain the right to prefer charges against him as electors. Sec. 269.56 (6), Stats., reads:

"The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding."

Here, again, the pleadings and affidavits demonstrate that the judgment which the complaint prays would not terminate the controversy and the court did not abuse the discretion, specifically given it by statute in such cases, in refusing the declaratory judgment which the complaint demanded.

Respondents have moved to review that part of the judgment dealing with costs, entered as follows: "It is adjudged that the plaintiff's complaint be stricken and dismissed, and that the defendants recover $10 as and for their costs of this motion." We consider that it was error to treat the granting of judgment as a mere motion and to allow only motion costs thereon to the prevailing party. We recognize that costs are largely in the discretion of the trial court, but it appears that the court was not exercising discretion but was proceeding on the mistaken assumption that the motion made, and not the judgment rendered, governed the costs recoverable. Judgment costs, not motion costs, should have been allowed to the defendants as directed by sec. 271.03, Stats. In other respects the judgment is affirmed.

*By the Court.*—Judgment modified remanding the record to the trial court with directions to allow costs to defendants in compliance with sec. 271.03, Stats., and, as so modified, the judgment is affirmed.