JOINT SCHOOL DISTRICT No. 1 OF VILLAGE OF TONY, etc., Plaintiff and Appellant, vs. SECURITY STATE BANK, Defendant: THE STATE, Interpleaded Defendant and Respondent.

*May 6—June 3, 1958.*

For the appellant there was a brief and oral argument by *Samuel Goodsitt* of Ladysmith.

For the respondent there was a brief by the *Attorney General* and *Harold H. Persons,* assistant attorney general, and oral argument by *Mr. Persons.*

HALLOWS, J.   The question is whether the state is entitled to the return of the proceeds of a remittance of school aid made for the school year 1950–1951 to the Flambeauland School District whose creation was attempted by an order of integration of several municipal boards, which was later held invalid and was vacated, or whether the seven separate school districts which operated as an integrated school district are entitled to the proceeds.

The state contends that the Flambeauland School District never legally existed and therefore the remittance was unauthorized and recoverable.   The plaintiff argues that the integrated school district had *de facto* existence and complied with all the requirements of the statutes entitling it to the proceeds.   Sec. 40.371 (2), Stats. 1951, provides an integrated school district must comply with certain requirements, one of which is it "must be organized as a common school district or a city system."   Other requirements deal with the manner in which such district must operate and with the sufficiency of its facilities.

If the purpose of granting additional school aids by the state is to be attained, there must exist a legally organized common school district or at least a status not subject to legal attack.   The certainty of the organizational status of a school district is important.   When a district has exercised the rights and privileges of a school district for a period of four months the legality of its formation cannot be attacked directly or indirectly.   Sec. 40.31 (1), Stats. 1951.   This section in effect gives a legal status to a school district invalidly organized after exercising the rights and privileges for a period of four months during which no attack on the legality of its formation has been made.   We must assume the legislature intended, when an attack is made on the legality of the formation of a school district within the four months' period which is successful, that such a school district does not comply with the requirements of sec. 40.371 (2) (b), Stats. 1951.

There is no saving clause in the statutes for such invalid school districts.

When the attempted organization of the Flambeauland School District failed through the omission to comply with certain jurisdictional requirements of the statutes to create an integrated school district no legal common or integrated school district was created. The separate school districts continued to exist. After the determination of the court on September 15, 1951, that no integrated district existed the plaintiff school districts resumed operation of the schools as individual units. The integration order of the municipalities of February 17, 1951, had no validity at any time. The circuit court order in the certiorari proceeding set aside the integration order on the ground it was not a valid integration order when made. A *de facto* existence of the school district, if there be one here, does not satisfy the requirements of sec. 40.371 (2) (b), Stats. 1951, which govern this case. *In re Joint Union Free High School Dist.* (1952), 262 Wis. 126, 54 N. W. (2d) 40, is not in point. There the reorganization order was valid when made and complied with the then existing law. Subsequent legislation was held to be ineffective to make the legal status illegal *ex post facto* although such legislation may declare such status illegal for the future.

Appellant contends the state of Wisconsin is estopped from recovering the additional aid because it relied, and had a right to rely, on the integration order and because of the equities of the case. The expenses and other obligations incurred and the actions taken by the plaintiff and the other six school districts were not the result of or in reliance on any action of the state or the school superintendent. The plaintiff was not misled by the state. Reliance was on the action of the municipalities. *Libby, McNeill & Libby v. Dept. of Taxation* (1952), 260 Wis. 551, 51 N. W. (2d) 796, *Eau Claire Dells Imp. Co. v. Eau Claire* (1920), 172 Wis.

240, 179 N. W. 2, *Waterbury Savings Bank v. Danaher* (1941), 128 Conn. 78, 20 Atl. (2d) 455, are not applicable to the facts in this case.

While it is probably true receipt of the additional school aid was expected, the remittance was made after the school year ended and without knowledge by the state that the validity of the integration order was being questioned in a judicial proceeding. Apparently neither the plaintiff nor any of the several school districts felt obligated to inform the state of the pending certiorari proceeding.

Since the plaintiff must be legally organized as a common school district to comply with the statutes there was no school entity capable of receiving the funds. This was the problem that confronted the defendant Security State Bank. This problem would be the same if the state had not made the remittance and the present plaintiff was suing the state for the payment of the additional school aid.

Plaintiff's reasoning, that it and the six other school districts are now entitled to the proceeds because they are obligated for certain expenses while operating as an invalid integrated school district, is not sound. The additional school aid can only be paid to a legal integrated school district. There is no provision in the statutes of 1951 authorizing or permitting payment of such additional school aid by the state to seven separate school districts. Sec. 2, art. VIII of the Wisconsin constitution provides that no money shall be paid out of the treasury excepting pursuant to an appropriation by law. Payments of school aids pursuant to sec. 40.372 (2), Stats. 1951, made to a school district which has been declared by a court of competent jurisdiction to be nonexistent would not be an appropriation complying with the constitutional requirement. These funds never legally came into the possession of the plaintiff and the six other school districts of the Flambeauland School District. The funds did not lose their identity as state funds by being deposited in the bank or by

payment into court. They have not yet reached the hands of any entity which has the status entitling it to keep the money. *Milwaukee Gas Light Co. v. Public Service Comm.* (1947), 250 Wis. 54, 26 N. W. (2d) 287.

As stated by the trial judge in his opinion: "This money as between governmental bodies is subject to recovery and return to the proper public treasury."

It is not necessary to discuss the other contentions of the appellant and respondent. There was no error of the trial court in overruling the appellant's demurrer to the respondent's answer.

*By the Court.*—Order affirmed.

BROADFOOT, J., dissents.