METZGER and others, Appellants, v. WISCONSIN
DEPARTMENT OF TAXATION, Respondent.

*April 13—May 9, 1967.*

120

122

For the appellants there was a brief by *John D. Cahill* and *James A. Kern,* both of Milwaukee, and oral argument by *Mr. Kern.*

For the respondent the cause was argued by *James D. Jeffries,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

BEILFUSS, J. The principal issue is whether the circuit court has jurisdiction in equity to enjoin the Wisconsin Department of Taxation from assessing gift taxes where the taxpayer has not exhausted his statutory administrative remedies.

The authority for the imposition of gift taxes is generally contained in secs. 72.75 through 72.81, Stats. Sec. 72.81 (5) provides:

"All provisions of the income tax law, not in conflict with the provisions of sections 72.75 to 72.81, relating to the assessment of income taxes and hearing and appeal thereon, the preparation of assessment and tax rolls, the certification of taxes due, the correction thereof, and the collection and refund of income taxes, shall govern the assessment of taxes due under said sections. The provisions of sections 73.01 and 73.015 shall apply to the taxes due under sections 72.75 to 72.81."

The procedure for challenging an assessment of a gift tax is therefore established by the income-tax procedure of ch. 71 and secs. 73.01 and 73.015, Stats.

In sustaining the demurrer to the complaint on the ground that the plaintiffs failed to exhaust all of their administrative remedies, the trial court stated:

"Injunctive relief is not a substitute for the administrative procedure as clearly outlined and provided by legislative action. The rights of a taxpayer are not impinged upon by requiring him to exhaust his remedies as prescribed by Chap. 73 of the Laws of the State of Wisconsin."

The trial court's decision that it had no jurisdiction to entertain an injunction suit is clearly supported by chapters 71 and 73 of the statutes.

Sec. 71.12 (1), Stats., provides that a taxpayer feeling aggrieved by a notice of an additional assessment shall, within thirty days, make application to the assessor of incomes for abatement of the tax. If the application for

abatement is denied the taxpayer may appeal to the Wisconsin board of tax appeals. However, if "no application for abatement is made or if a petition is not filed with the board within the time provided . . . the assessment shall be final and conclusive."

Sec. 71.12 (3), Stats., provides in part, as follows:

"No person against whom an assessment of income tax has been made shall be allowed in any action either as plaintiff or defendant or in any other proceeding to question such assessment unless the requirements of section 71.12 (1) shall first have been complied with, . . ."

The appellants have made timely application to abate the assessment and have therefore invoked the administrative procedure of chapters 71 and 73 of the statutes.

Sec. 73.01 (5) (a), Stats., in part, provides:

"Subject to the provisions for judicial review contained in the statutes, the board shall be the final authority for the hearing and determination of all questions of law and fact arising under the tax laws of the state, except such as may be otherwise expressly designated. . . ."

Sec. 73.015, Stats., provides, in part:

"**Review of determination of Wisconsin board of tax appeals.** (1) The provisions of this section shall be the sole and exclusive remedy for review of any decision or order of the Wisconsin board of tax appeals, except as otherwise provided in chapter 76, and no person shall contest, in any action or proceeding, any matter reviewable by the board unless such person shall first have availed himself of a hearing before the board as provided in section 73.01."

The statutes referred to above are unambiguous and mandatory. They provide that "this section *shall* be the *sole* and *exclusive* remedy," that "*no* person shall contest . . . any matter reviewable by the board" without first complying with ch. 73, and that, subject to judicial re-

view under ch. 227, "the board *shall* be the *final* authority for the hearing and determination of all questions of law and fact." A more positive provision of exclusive jurisdiction in the administrative procedure can scarcely be found in our statutes.

In a case quite parallel to this one this court held that under the statutes the determination as to liability or nonliability for gift taxes is for the taxing authorities, subject to review by the courts under ch. 227, Stats., and not for the county court. Indeed, in *Estate of Michels* (1958), 3 Wis. (2d) 353, 88 N. W. (2d) 726, an attempt was made to accomplish in a probate proceeding substantially what the instant plaintiffs have attempted to accomplish in a circuit court injunction action. In deciding that the lower court had no jurisdiction to decide questions of tax liability in the first instance, the court stated, at page 355:

"In our view the provisions of sec. 72.81, Stats., thus summarized, and those of the Income Tax Law incorporated by reference, make it clear that the sole authority to determine in the first instance whether or not gift taxes are due from any person or estate rests exclusively with the department of taxation, including the assessor of incomes, and that review of the department's determination lies solely with the board of tax appeals as provided by sec. 73.015 (1), subject to further review by the circuit and supreme courts as provided by sec. 73.015 (2) and ch. 227, Stats."

In accord is *Estate of Adams* (1937), 224 Wis. 237, 272 N. W. 19, in which the court held that the lower court did not have subject matter jurisdiction to determine whether the statute of limitations barred certain tax claims against a decedent's estate for the reason that exclusive jurisdiction is vested in the administrative procedure provided by the statutes.

In light of the foregoing, we concluded that the trial court correctly decided that it has no jurisdiction to

entertain the plaintiffs' suit to enjoin the department of taxation.

In the face of this rather overpowering authority, the plaintiffs assert that unless the circuit court has jurisdiction to entertain an injunction action plaintiffs will have no adequate remedy, which remedy they are guaranteed by sec. 9, art. I of the Wisconsin constitution:

"**Remedy for wrongs.** SECTION 9. Every person is entitled to a certain remedy in the laws for all injuries, or wrongs which he may receive in his person, property, or character; he ought to obtain justice freely, and without being obliged to purchase it, completely and without denial, promptly and without delay, conformably to the laws."

The plaintiffs' most serious contention is that if this injunction action will not lie they will be forced to defend the assessments on the merits as well as on the affirmative defenses of laches and estoppel, statute of limitations, because the administrative procedure does not provide for a summary procedure to separately litigate these additional defenses. The plaintiffs complain that the time, expense and inconvenience of the administrative procedure would deny them the "certain remedy,"— "promptly and without delay," guaranteed them by sec. 9, art. I, Wisconsin constitution.

At this point we first notice that sec. 9, art. I concludes with the phrase "conformably to the laws." In this case the procedure of which plaintiffs complain as violative of the constitutional section is not only "conformably to the laws," it is the law established by the legislature.

The plaintiffs cite some federal authority and *Warden v. Board of Supervisors of Fond du Lac County* (1861), 14 Wis. 672 (*618), for the proposition that equity should enjoin a tax assessment where equity's remedy would be "more adequate, comprehensive and effectual" than an available legal remedy. The federal cases cited apply to entirely different statutory procedures. The plaintiffs'

position also overlooks the language of the *Warden Case*, wherein the court said, at page 675:

"The collection of a tax, under the statute, is a legal proceeding to enforce the payment of a debt due the public, and like proceedings at law upon a private claim, equity will only interfere to prevent injustice by the unfair use of the process of the law. The primary and controlling principle in such cases is, that the proceedings to be stayed are inequitable and unjust, and that it will be against conscience to allow them to go on. [Cases cited.] It will not be enough to show that they are irregular or even void. Courts of equity do not sit to reverse or correct errors and mistakes of law."

We cannot agree that this long-standing administrative tax-assessment procedure is "against conscience," especially when no irregularity in the proceedings is alleged.

Our court has consistently held that sec. 9, art. I of our constitution does not entitle Wisconsin litigants to the exact remedy they desire, but merely to their day in court. *New York Life Ins. Co. v. State* (1927), 192 Wis. 404, 412, 211 N. W. 288, 212 N. W. 801. Under sec. 9, art. I, the legislature may impose reasonable limitations upon the remedies available to parties. *Hoffmann v. Milwaukee E. R. & L. Co.* (1906), 127 Wis. 76, 82, 83, 106 N. W. 808; *Neuhaus v. Clark County* (1961), 14 Wis. (2d), 222, 229, 111 N. W. (2d) 180. The court has long recognized that certainty in tax collections is necessary for the continued function of government, and that this necessity is the policy foundation for the legislative limitations on the legal remedies available to taxpayers. *Flanders v. Merrimack* (1880), 48 Wis. 567, 571, 572, 4 N. W. 741. In *Flanders* the court went on to explain the operation of sec. 9, art. I, at page 574:

"The constitutional declaration that every person is entitled to a certain remedy in the law, and ought to obtain justice freely, without being obliged to purchase it, completely without denial, promptly without delay, conformably to the laws (Const., art. I, sec. 9), is invoked

to overthrow the amended act of 1878. The remedy to which a party is entitled is frequently uncertain until made certain by the judgment of the court; litigation has always been attended with expense; delays have always occurred in the progress of law suits; and parties have often failed, through defect of proof or other causes, to get their just rights at the end of litigations. Notwithstanding the declaration in the constitution, doubtless these things will continue to happen; for there has not yet been developed sufficient wisdom on earth to establish a system of jurisprudence free from these hindrances to absolute justice; and the framers of the constitution never supposed that they could do so in a paragraph, and did not attempt it. The declaration simply means that laws shall be enacted giving a certain remedy for all injuries or wrongs, and that the rights of every suitor shall be honestly and promptly adjudicated, and enforced in conformity with the laws. We find nothing in the act under consideration which contravenes that declaration."

In the case at bar the legislature has provided the exclusive procedures by which the plaintiffs may have their day in court. Denying plaintiffs immediate injunctive relief in no way violates sec. 9, art. I of the Wisconsin constitution. If present procedures are inconvenient and unsuitable, the legislature is the proper forum in which to seek a change.

The plaintiffs contend that this court has allowed a lower court to entertain an action to enjoin the collection of taxes without first following statutory procedures, citing *Baker v. Leenhouts* (1950), 257 Wis. 584, 44 N. W. (2d) 544. The *Baker Case* did not consider the question of exclusive jurisdiction in the administrative procedure; the trial court dismissed the action on the merits and we affirmed, without the jurisdictional question having been raised.

The plaintiffs assert that this court has allowed estoppel, one of the theories alleged in their complaint, to be successfully maintained against the department of taxa-

tion. It is true that the plaintiff in *Libby, McNeill & Libby v. Department of Taxation* (1952), 260 Wis. 551, 51 N. W. (2d) 796, successfully maintained an estoppel defense against assessments made by the department. But important for purposes of this case is the fact *Libby* found its way to the supreme court only after exhaustion of administrative remedies and judicial review under ch. 227. Thus *Libby* lends support to the position of the department because it demonstrates that one of the instant plaintiffs' defenses can be successfully maintained through the administrative procedure. This being so, the plaintiffs' protestations that they have no adequate remedy at law are without foundation.

The trial court also based its decision sustaining the demurrer upon the ground that the statutes contain no provision authorizing suit against the Wisconsin Department of Taxation, and as a mere administrative arm of the state the department, like the state, can be sued only with consent of the state and then only in conformance with the conditions and restrictions established by the legislature. This conclusion is well founded in the law. Sec. 27, art. IV of the Wisconsin constitution provides:

"The legislature shall direct by law in what manner and in what courts suits may be brought against the state."

Nowhere in the statutes does a provision appear whereby the legislature has declared the department of taxation to be *sui juris*, or whereby the legislature has provided that, or the manner in which the department can sue or be sued. Well established in Wisconsin is the principle that in the absence of express legislative permission the state may not be subjected to suit.

"It is not disputed that it is an established principle of law that no action will lie against a sovereign state in the absence of express legislative permission. It is further established that when a sovereign permits itself

to be sued upon certain conditions, compliance therewith is a jurisdictional matter, and a suit against the sovereign may not be maintained unless such conditions are complied with." *State ex rel. Martin v. Reis* (1939), 230 Wis. 683, 685, 284 N. W. 580.

In accord is *Konrad v. State* (1958), 4 Wis. (2d) 532, 538, 91 N. W. (2d) 203. The above rule is equally applicable to the state's administrative arms or agencies which have no independent proprietary powers or functions. *Sullivan v. Board of Regents of Normal Schools* (1932), 209 Wis. 242, 244, 245, 244 N. W. 563.

The appellants cite *Lake Superior District Power Co. v. Public Service Comm.* (1947), 250 Wis. 39, 26 N. W. (2d) 278; *Milwaukee Gas Light Co. v. Public Service Comm.* (1947), 250 Wis. 54, 26 N. W. (2d) 287; and *Madison Gas & Electric Co. v. Public Service Comm.* (1947), 250 Wis. 59, 26 N. W. (2d) 285, as authority for the proposition that administrative agencies can be sued. In each of the cases cited the public service commission is the defendant. Clearly, the public service commission is an agency of the state of Wisconsin. The important and controlling distinction is that the legislature has provided in sec. 195.01 (9), Stats., that the "commission shall be known as 'Public Service Commission of Wisconsin' and in that name may sue and be sued."

The appellants cite several cases as authority for the fact that department of taxation is named as a party defendant. All of these cases are ch. 227 administrative review actions. Sec. 227.16, Stats., provides "the department of taxation . . . shall be the named respondent."

An exception to the rule of state immunity from suit is that the courts may entertain actions to enjoin state officers and state agencies from acting beyond their constitutional or jurisdictional powers. Such actions are deemed to be suits against individuals acting in excess of their authority. *Barry Laboratories, Inc., v. State Board*

*of Pharmacy* (1965), 26 Wis. (2d) 505, 132 N. W. (2d) 833; *Arthur v. State Conservation Comm.* (1967), 33 Wis. (2d) 585, 590, 591, 148 N. W. (2d) 17. The plaintiffs' complaint, on its face, does not allege facts sufficient to place this case under the above exception to the sovereign immunity rule. As we have seen, by means of sec. 73.01 (5) (a), Stats., the legislature has placed in the administrative procedure sole lawful jurisdiction "for the hearing and determination of all questions of law and fact arising under the tax laws of the state." Plaintiffs' case on the merits, involving as it does questions of the validity of assessments in light of the statute of limitations and the doctrines of laches and estoppel, involves "questions of law and fact arising under the tax laws." The complaint alleges that the administrative procedures provided by the Wisconsin statutes would be excessively lengthy, costly and inconvenient for the plaintiffs. Thus the alleged basis of plaintiffs' injunction action is the lawful exercise of jurisdiction in the administrative procedure—yet action outside of this lawful authority is the very item which plaintiffs must allege in order to bring themselves within the compass of the exception of the *Barry* and *Arthur Cases, supra.* Because the plaintiffs do not allege facts which would bring them within this exception, and because the legislature has specifically provided the procedure by which a taxpayer may contest a gift-tax assessment, the trial court properly sustained the demurrer on the ground of sovereign immunity.

Upon oral argument counsel discussed the possible effect upon this case of the doctrine of primary jurisdiction considered by this court in the recent case of *Wisconsin Collectors Asso. v. Thorp Finance Corp.* (1966), 32 Wis. (2d) 36, 145 N. W. (2d) 33. The opinion in the *Wisconsin Collectors Case* clearly indicates that the doctrine of primary jurisdiction is applicable only in cases of concurrent original jurisdiction in the administrative agency and in the courts. Such is not the present case.

As we have seen, the initial determination of the validity of tax assessments in Wisconsin lies within the exclusive jurisdiction of the department of taxation and the board of tax appeals under chs. 71, 72, and 73, Stats.

*By the Court.*—Judgment affirmed.