NEU'S SUPPLY LINE, INC., and another, Appellants, v. DEPARTMENT OF TAXATION (Department of Revenue), and others, Respondents.*

*No. 276. Argued June 4, 1968.—Decided June 28, 1968.*
(Also reported in 159 N. W. 2d 742.)

* Motion for rehearing denied, without costs, on September 6, 1968.

" . . .

" . . .

For the appellants there was a brief by *Niebler &
Herro* of Milwaukee, and oral argument by *John H.
Niebler*.

For the respondents the cause was argued by *E. Weston
Wood,* assistant attorney general, with whom on the
brief was *Bronson C. La Follette,* attorney general.

CONNOR T. HANSEN, J. The issue to be determined is whether the issuance of a subpoena duces tecum by the Department of Taxation pursuant to secs. 71.11 (20) and 73.03 (9), Stats., which subpoena on its face calls for information beyond the limitation periods specified in sec. 71.11 (21) (a), (bm), and (g),[3] constitutes a de-

[3] "(21) ADDITIONAL ASSESSMENTS, WHEN PERMITTED. (a) Additional assessments and corrections of assessments by office audit or field investigation may be made of income of any taxpayer if notice pursuant to section 71.11 (22) is given within the time specified in this subsection.

"(bm) With respect to assessments of income received in the calendar year 1954 or corresponding fiscal year, and in subsequent years, such notice shall be given within 4 years of the date the income tax or franchise tax return was filed.

"*(c) Irrespective of par. (bm), if any person has made an incorrect income tax or franchise tax return for any of the years since January 1, 1911, with intent to defeat or evade the income tax or franchise tax assessment provided by law, or has failed to file any income tax or franchise tax return for any of such years, income of any such year may be assessed when discovered by the proper assessing authority.*

"(cm) Irrespective of par. (c), if additional assessments are made for any period more than 6 years before the year in which the assessment is made, the burden of proof shall rest with the state to prove their case by a preponderance of the evidence.

"(d) The limitation periods provided in par. (bm) may be extended by written agreement between the taxpayer and the department of taxation or the assessor of incomes entered into prior to the expiration of said limitation periods or any extension thereof.

"(e) Section 990.06 shall have no application to the provisions of this section.

"(g) Notwithstanding any other limitations expressed in this chapter, an assessment may be made if notice thereof is given within 6 years after a return was filed, if the taxpayer reported for taxation on his return less than 75% of the net income properly assessable, except that no assessment of additional income may be made under this paragraph for any year beyond the period specified in par. (bm) unless the aggregate of the taxes on the additional income of such year is in excess of $100.

"(h) For purposes of this subsection, a return filed before the last day prescribed by law for the filing thereof shall be considered as filed on such last day." (Emphasis added.)

termination of law or fact within the meaning of sec. 73.01 (5) (a).

It is urged, in behalf of the department, that the issuance of the subpoena in this case was an administrative act by the department and that a holding in support of the corporate petitioner would have the effect of subjecting all administrative acts of the department to review by the board. We do not here determine that all administrative acts of the department are subject to review by the board, nor do we conclude that the issuance of the subpoena duces tecum in this case constituted a mere administrative act. To hold the former would be to unduly restrict the administrative functions of the department; however, to affirm the latter would be tantamount to giving the department the unbridled right to require all taxpayers to produce "books and records pertaining to income tax liabilities" as far back as 1911.

Since the subpoena, on its face, requests information relating to taxable years more than six years past, the subpoena appears to be directed at the obtaining of information for assessment under sec. 71.11 (21) (c), Stats., relating to the filing of an incorrect return with intent to defeat or evade the income tax assessment provided by law and against which there is no limitation. If it was issued for any other purpose, we are not so informed.

Sec. 73.01 (6) (c), Stats., provides as follows:

"73.01 **Board of tax appeals.**

" . . .

"(6) APPEALS TO BOARD.

" . . .

"(c) Whenever an appeal is taken from any determination of the commissioner of taxation under the provisions of subsection (5) (a) and no other procedure for appeal is specified in chapter 73 or chapter 76, the person feeling aggrieved by such determination shall file with the clerk of the board an original and 4 copies of

petition for review within 30 days after such determination, but not thereafter, and the clerk of the board shall forthwith transmit one of the copies to the commissioner of taxation. The provisions of paragraph (a) shall apply in so far as the time for and service of an answer by the commissioner of taxation is required and also with respect to the filing of a reply by the petitioner."

The general reviewing authority of the board is specified in sec. 73.01 (5) (a), Stats., which provides in appropriate part, as follows:

"(5) POWERS AND DUTIES DEFINED. (a) Subject to the provisions for judicial review contained in the statutes, the board shall be the final authority for the hearing and determination of all questions of law and fact arising under the tax laws of the state, except such as may be otherwise expressly designated."

The corporation contends that the petition to quash the subpoena duces tecum presents a question of law over which the board has jurisdiction under sec. 73.01 (5) (a), Stats.

The statutory provisions under consideration have a somewhat limited judicial history. In *Kaukauna v. Department of Taxation* (1947), 250 Wis. 196, 26 N. W. 2d 637, this court determined that the board did not have authority to review the matter of distribution of utility taxes to towns, cities, villages and counties. However, at the time of the *Kaukauna* decision, sec. 73.01 (6) (c), Stats., was not in existence and the then existing statutes restricted the board's authority to review applications for abatement or claims for refunds.

*Department of Taxation v. Blatz Brewing Co.* (1961), 12 Wis. 2d 615, 629, 108 N. W. 2d 319, was decided after the enactment of sec. 73.01 (6) (c), Stats. In *Blatz*, this court cited *Kaukauna* in conjunction with its interpretation that the general functions and powers of the board as specified in sec. 73.01 (5) (a), were limited by sec. 73.01 (6). However, factually *Blatz* was an application

for abatement under sec. 73.01 (6) (a), and the specific provisions of sec. 73.01 (6) (c) were not before the court.

We conclude that a proper resolution of the question now before us is one which would protect the authority of the department under secs. 71.11 (20) and 73.03 (9), Stats., as well as the rights of the taxpayer under sec. 71.11 (21).

The department issued the subpoena by exercise of its authority under secs. 71.11 (20) and 73.03 (9), Stats. The taxpayer has challenged this authority. The department takes the position that in exercising such subpoena power it need never respond to such challenge by giving reasons for requiring the production of records or other information irrespective of the limitations set forth in sec. 71.11 (21) (a), (bm), and (g). Such an interpretation could theoretically permit the department to engage in a proverbial fishing expedition without having made a prior determination that there was a legitimate or substantive purpose therefor.

When the department issues a subpoena duces tecum requiring the production of information relating to years upon which additional assessment is not permitted under sec. 71.11 (21) (a), (bm), and (g), Stats., it has or should have made a determination of a question of law arising under the tax laws of the state and within the meaning of sec. 73.01 (5) (a).

The issuing of the subpoena under the facts of this case should depend upon the determination by the department, in the exercise of its prudent judgment, that it had a legitimate and relevant purpose in so doing. *United States v. Powell* (1964), 379 U. S. 48, 85 Sup. Ct. 248, 13 L. Ed. 2d 112. Upon challenge by a taxpayer, a review of the determination of the department to administratively issue the subpoena, would reach the question of the possible abuse of process by an administrative body.

Therefore, we conclude, that in this particular case, the board did have jurisdiction to review the issuance of the subpoena.

Such a decision is consistent with the recent decision in *Metzger v. Department of Taxation* (1967), 35 Wis. 2d 119, 150 N. W. 2d 431. In *Metzger,* this court, citing secs. 73.01 (5) (a) and 73.015 (1), Stats.,[4] determined that the circuit court had no jurisdiction in equity to enjoin the department from assessing gift taxes when the taxpayer had not exhausted his statutory administrative remedies. Although *Metzger* is factually distinguishable from this case, we subscribe to the rationale thereof, *i.e.*, that injunctive relief is no substitute for administrative procedure as provided by the legislature.

The board also contends that the order of the board did not directly affect "the legal rights, duties or privileges" of any person and therefore said order was not reviewable by the circuit court under sec. 227.15, Stats.[5] This contention was not raised before this appeal. The jurisdiction of the board and not the circuit court was in issue. However, the order of the board disclaiming

---

[4] "73.015 **Review of determination of Wisconsin board of tax appeals.**

"(1) The provisions of this section shall be the sole and exclusive remedy for review of any decision or order of the Wisconsin board of tax appeals, except as otherwise provided in chapter 76, and no person shall contest, in any action or proceeding, any matter reviewable by the board unless such person shall first have availed himself of a hearing before the board as provided in section 73.01."

[5] "227.15 **Judicial review; orders reviewable.** Administrative decisions, which directly affect the legal rights, duties or privileges of any person, whether affirmative or negative in form, except the decisions of the department of taxation, the commissioner of banks and the commissioner of savings and loan associations, shall be subject to judicial review as provided in this chapter; but if specific statutory provisions require a petition for rehearing as a condition precedent, review shall be afforded only after such petition is filed and determined."

jurisdiction did affect the legal rights of the taxpayer since such an order was premised upon an erroneous application of sec. 73.01 (5) (a) and (6) (c), Stats. As previously stated, the very issuance of the subpoena duces tecum, under the facts of this case, was an act laden with legal consequences and implications.

Although the controversy between the taxpayer and the department has not proceeded to the merits of the investigation, the taxpayer, nevertheless, urges us to quash the subpoena duces tecum. This we decline to do and herewith remand the matter to the Board of Tax Appeals for review under sec. 73.01 (5) (a) and (6) (c), Stats.

*By the Court.*—Order reversed.